185 So.2d 893 (1966)
Dr. Billy D. KING and Cyrus M. Wiley, Plaintiffs-Appellants,
v.
J. W. KING, Defendant-Appellee.
No. 1684.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
Rehearing Denied May 18, 1966.
Writ Refused June 22, 1966.
Cameron C. Minard, Columbia, for plaintiff-appellant.
*894 Falkenheiner & Calhoun, by Natham M. Calhoun, Vidalia, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiffs sued for a declaratory judgment decreeing that a certain lease was null and void with no indemnification due the lessee, or, that the lease, if valid, be declared terminated and the lessee's indemnification be fixed by the Court.
The basic facts, as alleged in plaintiffs' petition, or briefly stated, are as follows: plaintiff, Dr. Billy D. King, in 1961, leased for ten years a certain plantation to defendant, J. W. King, under the terms of which defendant was, among other things, to plant and cultivate the land, paying to lessor 20% of the crops. The lease did not stipulate any specified number of acres to be planted or particular crops to be grown. In 1964, that plaintiff sold the plantation to the other plaintiff, Cyrus M. Wiley. The lease agreement provided that if the plantation were sold, the lease would terminate at the end of the rent year then in effect.
Plaintiffs' petition further alleged that defendant had refused to deliver possession to the plaintiff purchaser; that the lease is, first, null and void because it contains a potestative condition in that it was entirely within defendant's will as to how many acres he would plant, what crops he would plant or, in effect, whether he would plant at all; that, if not null and void, the lease should be declared terminated; that, in any event, the defendant lessee would be entitled to no indemnification for the remaining term of the lease for the reason that with no specified acreage or crops, there is no basis for computation.
Defendant answered plaintiffs' petition admitting his refusal to deliver possession of the property, taking a directly opposite position to plaintiffs' allegations regarding the lease, except as to termination in the event of sale, and demanding indemnification under LSA-R.S. 9:3202 or Article 2737. Louisiana Civil Code, both of which will be discussed hereafter.
Defendant also filed a motion for a summary judgment, seeking to have his indemnification fixed.
The matter was heard on defendant's Motion for Summary Judgment, and the lower court gave judgment for defendant for $22,316.14, being one-third of the price of the rent during the remainder of the term of the lease, said sum to be due defendant upon exercise of plaintiffs' option to declare the lease terminated under its provisions.
From that judgment, plaintiffs have appealed.
Plaintiffs' main argument is that the lease contains a potestative condition, thus rendering it null, and that, in any case, there is no fixed basis on which to indemnify defendant.
Defendant, on the other hand, contends that even if the condition is potestative, he has nevertheless performed it and plaintiffs are thereby estopped to assert it, and that, while plaintiffs are at liberty to terminate the lease under its written terms, the rentals paid under the lease amounted to $11,303.19 for 1962; $9,627.87 for 1963; $13,240.10 for 1964; and $10,461.12 for 1965; averaging $11,158.07, thus forming a basis for the computation of his indemnification.
It is undisputed that the lease here involved can be terminated in the event the property is sold, and we need not further discuss that point.
We will next consider the question of the lease containing a potestative condition brought about by it being left to lessee to determine how many acres to plant and what to plant.
Article 2024 of our Civil Code defines a potestative condition as "* * * that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."
*895 Article 2035 of our Civil Code limits the nullity brought about by potestative conditions to those "depending solely on the exercise of the obligor's will." However, it is to be noted that performance, or even partial performance, negates the nullity even if the condition be, in fact, potestative. Hansman v. Uddo and Taormina Company, (Orl.App., 1955), 76 So.2d 753. Furthermore, although performance may be dependent to some degree upon the obligor's will, if the exercise or non-exercise, of his will involves some detriment, disadvantage, or inconvenience to him, the condition is not considered potestative. Colbert v. District Grand Lodge No. 21, Grand United Order of Odd Fellows, (La.App., 1 Cir., 1938), 178 So. 694. In the latter connection, it should be noted that LSA-R.S. 9:3201 provides that:
"Any lessee for cultivation of land, who takes possession of the property leased and fails to cultivate the land or abandons it after the contract has been entered into, is liable to the lessor for damages in an amount equal to the market value of the average crop that could have been grown on the land or on like land located in the immediate vicinity."
The foregoing principles, as applied to the instant case, lead us to the conclusion that the lease here involved cannot be declared null and void. There has been performance over a period of four years, and there would have been considerable detriment to defendant had he failed to perform. The condition is, in our opinion, not potestative, but, in any event, has been fulfilled through performance.
Plaintiffs have further argued in their brief that there is no valid lease involved here because the price to be paid by the lessee is too uncertain. However, Article 2671 of our Civil Code clearly states that while the price for a lease should be certain and determinate it may, inter alia, consist of a portion of the fruits yielded. There is no merit in plaintiffs' argument.
The next question for determination, then, is what indemnification is due the defendant lessee. LSA-R.S. 9:3203, previously referred to, is inapplicable, it being a statute which is penal in nature and which applies to situations in which a lessor has, through fault, disturbed the lessee's possession and thereby becomes answerable in damages as such, and plaintiffs' so concede in their brief. We conclude, as did the lower court, that the instant case is governed by Articles 2735 et seq. of the Civil Code, providing that, as to predial estates, the indemnification shall be a third of the price of the rent during the remainder of the term where no indemnification has been stipulated in the lease. Such are the facts in the instant case.
The lower court averaged the four yearly rentals which had already been paid to the lessor in arriving at its calculation, with which method plaintiffs take issue. However, we feel that the method is equitable under the facts of the instant case for the reason that, even if the lease in question had stipulated the number of acres to be planted and the specific crops to be planted, the amount produced at the end of any given year would still have been a fluctuating figure, influenced by the whims of the weather and other factors which bear on how good or bad a given year's crop may be. In our view, the four years' experience which is available here tells more about the value of the remaining years than would any other method of computation. We are of the further opinion that the four years' experience in the instant case amply establishes a basis on which to compute an indemnification to defendant-lessee.
For the reasons herein set forth, the judgment of the lower court is affirmed, all costs of this appeal being assessed against plaintiffs-appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.