WILLIAMS, Judge.
This is an action to terminate a lease and evict the lessee. On October 16, 1941 the defendant, Dorris Thomason, hereinafter designated as appellant, leased from Mr. and Mrs. E. F. Grechman the premises that are the subject of this litigation. The lease was recorded in the Conveyance Records of Caddo Parish, Louisiana, on October 29, 1941. Subsequent thereto on September 14, 1943, plaintiff, Mrs. Caro P. Mills, hereinafter designated as appel-lee, purchased the premises under a cash deed which was recorded in the Conveyance Records of Caddo Parish, Louisiana. In the cash sale no mention is made of the lease by appellee’s vendor to appellant. Appellee states she knew of the lease but had a letter from her attorney stating it was a three year lease and it was only at a later date that she was aware of appellant’s right or option to extend the lease.
The pertinent paragraphs of the lease before this court are as follows:
“This lease shall be for a term of three (3). years, commencing on November 15, 1941 and ending November 15, 1944, and as long thereafter on a year to year basis, until Lessee herein shall give notice of his intention not to continue the said lease, on or before October 15 of any year.
“It is understood and agreed that this lease shall terminate at the death of the Lessee, and that the Lessee will not sublet the premises without the written consent of the Lessor.
“In consideration of the agreements herein made by the Lessor, particularly as to the duration of said lease, the Lessee herewith pays the Lessor the sum of Four Hundred Dollars ($400.00) cash, receipt of which is hereby acknowledged, and agrees to pay a monthly rental in advance on the 15th day of each month, commencing November 15, 1941, of the sum of Seventy-Five Dollars ($75.00).”
(Emphasis supplied)
This appeal is from a judgment of the District Court condemning the appellant to vacate the leased premises. The Dis *792 trict Court did not give written reasons for its decision, but did state at the end of the trial that: “It sounds to me like a potestative condition which is abhorrent to law; * * *”
Appellee argues to this court that in addition to the lease being based on a po-testative condition, the lease has no fixed duration after the primary term. Accordingly, the lease would be only on a month to month basis. This is not correct in this instance. The lease is not one in perpetuity. Its fixed duration, under the option granted to extend, would be at the death of appellant, during which period the appellant is called upon to continuously and repeatedly pay a serious monthly rental. The cases cited by appellee refer to a “fixed or definite term.” This is not the same as “fixing its duration”. The term of this lease is in compliance with the requirements of LSA-C.C. Art. 2685 as to fixing the lease duration.
The option of annual renewal, unless notice to the contrary is given, is a fair and legal privilege. Such type of option has been sustained by our courts. Martin v. Martin, La.App., 181 So. 63 (1st Cir. 1938). A serious consideration of $400 for such an option was paid by appellant to the original lessors.
LSA-C.C. Art. 2034 provides as follows :
“Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.”
This article is followed by LSA-C.C. Art. 2035 which reads:
“The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.”
(Emphasis supplied)
Certainly the continuation of the lease contract is not conditioned upon the “mere whim” of the appellant. The appellant by not notifying appellee that he wished to terminate the lease by October 15 of each year obligated himself to pay twelve months rent of $75 each or $900. This is a serious consideration for which appellant is entitled to peacefully enjoy the premises under lease. In accord with the permission granted appellant there were material and expensive decorations and improvements made by appellant. The contract of lease does contain a condition that is dependent on the will and power of appellant to bring about or to terminate but it is likewise true that it involves some detriment, disadvantage or inconvenience to appellant if he brings about or terminates the lease by giving the notice on which the obligation depends. Under such circumstances the condition does not render the obligation null. See LSA-C.C. Art. 2035; Colbert v. District Grand Lodge No. 21, etc., La.App., 178 So. 694 (1st Cir. 1938) and 6 Tulane Law Review 23.
This court is further persuaded to the above conclusion by the performance of appellant and appellee under the lease contract. Both agree that appellant has been in full compliance with the terms and conditions of the lease contract from its date of inception to the date of this litigation. The same is true of the receipt by appellee of the consideration paid to her. Appellee states the premises occupied by appellant is on the ground floor and she occupies the upstairs, and frankly admits she cannot walk up the steps because of her arthritic condition.
Both parties to the lease contract have fully performed under its terms for more than 23 years. Such would render it too late for the appellee to repudiate her obligations under the lease contract. See *793 King v. King, La.App., 185 So.2d 893 (3rd Cir. 1966); Slack v. Riggs, 177 La. 222, 148 So. 32 (1933).
For the reasons above assigned we believe the lease is a valid and enforceable contract, and therefore the judgment appealed from is reversed and the appellee’s demands are rejected at appellee’s cost.