BOUTALL, Judge.
Plaintiff-appellant, Carol J. Becnel, has instituted suit against defendant-appellee, Julius Foster, seeking expected future profits from farming operations in the amount of $57,500.00 and an additional $2,930.00 alleging defendant’s unjust enrichment at plaintiff’s expense. Exceptions of no right or cause of action were filed to plaintiff’s petition and sustained by the lower court. From this adverse judgment dismissing plaintiff’s suit at his costs, a devolutive appeal has been perfected to this court.
The facts of the matter as alleged by plaintiff are as follows:
In October, 1968 plaintiff and defendant made an oral agreement whereby defendant allowed plaintiff to enter upon his land and commence farming operations. The land was uncleared at the time and plaintiff obligated himself to clear the land, construct a drainage ditch thereon and cultivate the land, all at his expense.
*253 In addition plaintiff further alleges that defendant agreed to allow him “to have access to and the use of defendant’s land as long as defendant continued to own it and until he sold and delivered it to a bona fide purchaser.” In consideration therefor plaintiff obligated himself to pay $50.00 per acre per year for all portions of defendant’s land used by him for farming purposes. Plaintiff avers that despite the fact he has carried out all obligations which he contracted, “defendant ordered plaintiff off his land, refused to permit him to have access to it, and refused to make restitution to plaintiff in any way.” Plaintiff alleges that he has faithfully performed all obligations for which he contracted and that defendant has been enriched as a result thereof, for which he now seeks reimbursement. He also estimates his loss of future profits to be $57,500 for which he likewise seeks judgment.
The question before the court is thus whether the facts as alleged constitute a cause of action. Although an exception of no right of action was likewise filed defendants have not pursued the issue and therefore we will consider that argument as abandoned. For purposes of the exception of no cause of action we accept as true all allegations of fact made by plaintiff.
Counsel for appellee argues that under the facts alleged plaintiff is mere licensee on the premises and may be removed at any time the owner wishes. The argument is advanced that the arrangement by which plaintiff gained occupancy of the premises cannot possibly be a lease since the term is an indefinite one and the so called leased acreage has never been described with particularity. Alternatively, appellee argues that assuming the term of the agreement is defined adequately, a potestative condition exists in the contract in that it is terminable upon the will of the lessor and therefore the agreement is void.
On the other hand appellant argues that a valid verbal lease was confected. It is argued that there is an adequately defined lease term and that the agreement is free of invalidating potestative conditions. Further, appellant avers that the property in question has been described with sufficient detail, but should the court determine otherwise asks leave to amend his petition to correct the defect.
At present the property is merely described as “defendant's land at Belle Chasse, Louisiana”. In order to have a lease there must be agreement as to the thing leased, and same must be ultimately designated with greater clarity than it presently is. It is impossible to tell from the present wording of the petition what portion of defendant’s property was involved, how large a tract it was, where it was located, or how much of it has been cleared and cultivated; all of which have distinct bearing on whether there was agreement as to the thing or any portion of the thing to be leased. However as was stated in Woodfork v. Sanders, La.App. 248 So.2d 419 (1971) “failure to state a cause of action does not mean failure to have a cause of action.” Therefore pursuant to LSA-C.C.P. art. 934 we are of the opinion plaintiff should be given the opportunity to amend his petition to describe more particularly what tract of defendant’s land he is alluding to.
Since there are other issues in connection with this exception, and since the trial court did not specify the grounds for maintaining the exception, we shall discuss them herein.
We find defendant’s argument relative to the indefiniteness of the term of the lease to be unpersuasive. It is plaintiff’s allegation that defendant agreed to allow him to have possession of the land as long as he “continued to own it and until he sold and delivered it to a bona fide purchaser”. We are of the opinion that this constitutes a fixed and definite term. See Mills v. Thomason, La.App., 211 So.2d 790 *254 (1968) wherein a lease specified to terminate at the death of the lessee was held as having a term of fixed duration. In the instant case the lease will terminate upon the happening of a given event and we are of the opinion that this sufficiently gives the contract a term of fixed duration.
We likewise find defendant’s argument that the contract as described has a potestative condition to be inapposite. Defendant argues that the duration of the lease depends on the will of the land owner and therefore the agreement is null.
LSA-C.C. art. 2034 provides that
“Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.”
However this article is modified by the two articles succeeding it. Most specifically applicable is C.C. art. 2036 which provides as follows:
“Art. 2036. Conditions depending upon will of obligee
Art. 2036. An obligation may also be made, by consent of the parties, to depend on the will of the obligee for its duration. Thus a lease may be made during the will of the lessor, and a sale may be made conditioned to be void, if the vendor chooses to redeem the property sold.”
Accordingly, accepting the position most favorable to defendant, that the contract is terminable at his will, we are of the opinion that clearly this does not constitute a potestative condition.
Nor does the contract contain a po-testative condition by virtue of the fact that it is not determined how many acres of land plaintiff must cultivate per year. In King v. King, La.App., 185 So.2d 893 (1966) defendant agreed to plant and cultivate land, paying 20% of the crops as rental. The court therein held that the fact the lessee could plant all or none of the land did not constitute a potestative condition. The court went on to state that even if this obligation were potestative, partial performance would have cured the problem. In the instant case plaintiff has alleged he has “performed all of the obligations required of him.” For purposes of the exception of no cause of action we must accept this statement as a proven fact.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it sustained the exceptions of no right or cause of action filed herein but amended to allow plaintiff the opportunity to amend his petition in accordance with the views expressed in our opinion. The matter is now remanded to the district court to allow plaintiff 10 days to amend his petition to state a cause of action consistent with the views expressed herein, and in event of failure to amend, the suit to be dismissed. Costs of this appeal are to be determined upon final disposition of this matter.
Amended and affirmed.