GUIDRY, Judge.
This is a suit by the plaintiff-lessor for rescission of a predial lease. The lease in question is in writing and is dated August 5, 1963. By the terms of the agreement plaintiff’s ancestor in title, Bill Leslie, leased unto the defendant-lessee an approximate one-fourth acre of land in Sabine Parish to be used as a storage and distribution site for L. P. Gas. The lease was made in consideration of an annual rental of $25.00 and for the following term:
“This lease contract is for a primary term of one (1) year, from date, and from year to year thereafter for so long as ‘Lessee’ desires this lease contract to continue to remain in force.”
Plaintiff sought cancellation or rescission of the lease on several stated grounds: (1) the lease is invalid for want of a fixed or definite term; (2) nonpayment of lease rental as specified in the agreement; and (3) the lease rental is grossly insufficient and constitutes a lack of consideration sufficient to vitiate the agreement. The trial court rendered judgment in favor of plaintiff and defendant has appealed. We affirm.
LSA-C.C. Article 2674 provides as follows:
“To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him.” (Emphasis supplied)
It is well settled that a lease for an indefinite term is nudum pactum. Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (La.1916). In the cited case our Supreme Court stated:
*179 “. . . Hence the only question presented for decision is whether the stipulation that the grantee might prevent a forfeiture and continue the lease or option from year to year by paying an annual rental of 10 cents an acre was or is enforceable. Our opinion is that that stipulation in the contract is null for want of a fixed or definite term. Whether it be regarded as a lease or an option, it would be an anomalous contract without a definite term or limitation. To recognize that the defendant has the right, without any obligation, to hold the plaintiff’s land under a perpetual lease or option, would take the property out of commerce, and would be violative of the doctrine of ownership, defined in the second title of the second book of the Civil Code. ...”
“. . . We rest our decision in this case, not upon the potestative condition on which the contract was made, but upon the proposition that a contract purporting to give a perpetual option to hold land under a mineral lease is null. . . ”
The agreement in question by its terms purports to grant to the defendant the right or option to hold plaintiff’s land under a perpetual lease. Therefore, said agreement is null and void being violative of our civil law concept of ownership. As aptly stated in “Elements of the Law of Ownership” by Fred Zengel, LSA-Civil Code Volume 3, page 5:
“The power to separate or encumber the elements of ownership is qualified by two cardinal tenets of the Code: first, that a thing may not be removed from commerce indefinitely by a restraint upon its use or disposition; and, second, that perfect ownership in a thing will be restored as often as possible by the reunion of the elements of USUS, FRUCTUS and ABU-SUS . .
Having concluded that the lease agreement in question is void for want of a definite term, we do not consider appellee’s alternate contentions in support of her demand.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.