BEER, Judge.
Plaintiff-lessors successfully sued to evict sublessees-appellants, Mr. and Mrs. Landos, who appeal.
Plaintiffs made a 10-year lease to City Center Frostop, Inc. on October 13, 1963, which provided for two successive options to renew for 10 additional years. By several successive amendments and assignments of the original lease, Canal-Galvez Frostop, Inc. acquired interest in the lease as a lessee. Then, in 1973, the parties opted to renew the lease for an additional 10-year term. Lessee, thereafter, subleased to Mr. and Mrs. Landos on December 10, 1973, subject to the terms of the original lease and its amendments. On August 24, 1978, the plaintiffs notified the lessee that they had exercised their right to terminate and cancel the lease pursuant to a 60-day notice provision of the agreement, but the lessee and sublessee refused to vacate the premises.
Sublessees contend that the provision which grants lessors the right to cancel and terminate the lease upon 60 days’ notice is a *200 null potestative condition. The specific provision is:
“Notwithstanding any other provision of this lease, if the Lessee extends this lease as provided in paragraph 6, the Lessors shall have the right to cancel and terminate this lease as of any date after December 1, 1976, without cause. The Lessor may exercise its right so to cancel and terminate this lease by giving the Lessee written notice of the Lessor’s intent to do so and stating in such notice the date as of which the lease shall be cancelled and terminated, which date shall be not less than 60 days after the date of such notice. This provision shall not be construed so as to diminish or restrict the lessors’ right to cancel this lease for cause either on or before or after December 1, 1971.”
This amendment to the lease was effected on November 16,1971, some two years prior to appellants’ sublease.
Appellants rely on LSA-C.C. art. 2034 and contend that LSA-C.C. art. 2036 should be disregarded since “if that is held to mean that a lessor may terminate a lease at will, then the Article would contradict the previous Articles on potestative conditions and render the law ambiguous and require examination of context under LSA-C.C. art. 16 and the laws in pari materia, under LSA-C.C. art. 17.” They further argue that the disputed provision obligates the lessor for only 60 days, whereas the lessee is obligated for the term of the lease.
However, LSA-C.C. art. 2036 provides an exception to LSA-C.C. art. 2034. In “A Review of the Louisiana Law on Potesta-tive Conditions,” 47 Tul.L.Rev. 284 (1973), Professor Vernon Palmer and Mr. Andrew Plauche point out that LSA-C.C. art. 2036 expressly distinguishes and upholds the validity of a resolutory potestative condition:
“It is commonly accepted that only the suspensive potestative condition is null. The words ‘contracted on’ in article 2034 indicate a condition affecting the formation of a contract. Also, article 2036 declares that an obligation depending on the will of the obligee for its duration is valid. Two examples of a resolutory potestative condition are given in article 2036: a lease whose term can be determined at the landlord’s discretion, and a sale on redemption in which the seller can reclaim the property upon restoring the price.”
They point out that the original draft of the 1823 Project of the Civil Code of 1825 misused the word “obligor” (intending, “ob-ligee”) so that article 2036 is simply an exception to the nullity provided in article 2034. Despite the confusion engendered by the use of the term “obligee” in the first sentence of article 2036, Louisiana courts have consistently enforced parties’ agreements granting one of the parties the potes-tative power to determine the duration of their obligations.[1] In Long v. Foster and Associates, 136 So.2d 48 (La.1961), the agreement provided that the plaintiff employee could cancel the contract at any time upon giving two weeks’ notice. The trial court concluded that the entire agreement was unenforceable since the two-week cancellation clause was a null potestative condition. The Supreme Court reversed, finding that even if the two-week cancellation clause was a potestative condition, it related solely to the duration of the contract, and therefore was valid under article 2036. In so holding, the court stated:
“But conceding for the sake of argument (and for that purpose only) that the assailed cancellation clause was purely potestative in nature, nevertheless it related solely to the duration to the contract; and Revised Civil Code Article 2036 specifically recognizes the validity of an agreement when the duration thereof is left to the will of one of the parties. . The lease reference [in Article 2036] is significantly pertinent here, for an employment agreement (as heretofore *201 pointed out) is a contract of lease wherein the employee is a lessor with respect to his labor.”
In Becnel v. Foster, 277 So.2d 251 (La.App. 4th Cir. 1973), we concluded that parties validly may agree to a provision granting the lessor the unilateral right to determine the duration of the lease agreement, observing:
“We likewise find defendant’s argument that the contract as described has a potes-tative condition to be inapposite. Defendant argues that the duration of the lease depends on the will of the land owner and therefore the agreement is null.
LSA-C.C. art. 2034 provides that
‘Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.’
However this article is modified by the two articles succeeding it. Most specifically applicable is C.C. art. 2036 which provides as follows:
‘Art. 2036. Conditions depending upon will of obligee.
‘Art. 2036. An obligation may also be made, by consent of the parties, to depend on the will of the obligee for its duration. Thus a lease may be made during the will of the lessor, and a sale may be made conditioned to be void, if the vendor chooses to redeem the property sold.’
Accordingly, accepting the position most favorable to defendant, that the contract is terminable at his will, we are of the opinion that clearly this does not constitute a potestative condition.”
The judgment is affirmed, at appellants’ cost.

AFFIRMED.

. Professional Billing Agency, Inc. v. Tarantino, 350 So.2d 258 (La.App. 4th Cir. 1977); Caddo Parish School Board v. Cotton Baking Co., 342 So.2d 1196 (La.App. 2nd Cir. 1977); Quality Materials of Tangipahoa v. Labarama, 361 So.2d 1285 (La.App. 1st Cir. 1978), cert. denied, 363 So.2d 922 (La.1978).