ARMSTRONG, Judge.
On December 24, 1931 plaintiffs-appellants’ ancestor in title, Anthony Castellano, entered into an agreement (hereinafter “agreement”) with defendant-appellee’s predecessor, the Plaquemines Parish Police Jury (“Police Jury”). Under that contract Castellano leased to the Police Jury a right-of-way on a portion of his property in Plaquemines Parish. The right-of-way was used as an access road to the Pointe-a-la-Hache Ferry landing. The agreement was for an original term of 20 years with an option to renew for an additional twenty years. The price was $300 for each 20 year period. After two 20 year terms, the lease expired on December 24, 1971. However, the Plaquemines Parish Council continued to maintain, use and otherwise benefit from the right of way.
In 1981 plaintiffs conducted a title search and discovered the expired agreement. Plaintiffs then contacted defendant regarding renewal of the agreement. However no renewal agreement was ever negotiated.
Plaintiffs filed suit on July 21, 1983 alleging that they were entitled to compensation for the defendant’s use of the property after the expiration of the right of way agreement, and additionally for damages in trespass for the unauthorized use of the property. Defendant filed peremptory exceptions of prescription and no right or cause of action. The trial court sustained the exception of prescription. Plaintiffs appeal.
At the trial court appellees argument of prescription was based upon the theory that Plaquemines Parish had in some manner expropriated the land pursuant to LSA-R.S. 19:14. In fact a commonsense reading of the contract[1] reveals that *259 appellants and appellees ancestors in title entered into a simple lease agreement for a portion of appellants’ ancestor in title’s land. LSA-C.C.Art. 2674 defines a lease as follows: To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulation price which the other binds himself to pay him. Mr. Castellano bound himself to grant to the Police Jury the enjoyment (use) of his property for 20 years for the price of $300, which the Police Jury bound itself to pay. Thus this court is of the opinion the Louisiana Civil Code Articles governing the contract of lease should be applied to this situation.
LSA-C.C. art. 2688 provides as follows:
If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.
This article was interpreted in the case of Dyer v. Wilson, 190 So. 851 (La.App. 2nd Cir.1939). In that case the trial court stated,
For instance, if a lessee under a two-year lease holds undisturbed possession of the premises for one month after the stipulated term, such lease shall continue for the year following the expiration; thereafter, if an additional month’s possession is enjoyed, a continuance for another one year period endures; and so on from year to year ...
Id. at 853.
In our opinion plaintiffs lease with defendant was reconducted in December of 1971 when plaintiffs failed to terminate the lease and has been reconducted on a yearly basis since that time. Defendants are currently in another one year lease reconduction period. The reconducted lease will terminate on December 24, 1986. At that time appellant and appellee may revise and renegotiate the lease as they see fit.
For the foregoing reasons the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WILLIAMS, J., dissents.

. That lease in pertinent part reads as follows: BE IT KNOWN that on this 24th day of December, 1931, before me, Robert J. Lobrano, Notary Public, duly commissioned and qualified in and for the Parish of Plaquemines, State of Louisiana, herein residing and in the presence of the witnesses hereinafter (illegible) and undersigned, personally came and appeared:
*259 ANTHONY CASTELLANO, who declared on oath to me, Notary, that he has been married but once and then to Antonini Nouel with whom he is presently living and residing at Diamond, in this parish, who declares that in consideration of the benefits, uses and advantages accruing to him by reason of the location of the Plaquemines Parish Ferry between the East and West sides of the Mississippi River and connecting with the highway, through his property on the West side of the river, and for the further considerations hereinafter expressed, he does by these presents lease, grant, transfer, assign, let over and deliver unto
The PLAQUEMINES PARISH POLICE JURY, herein represented by R.P. Leovy, its President, duly authorized by its resolution, and (illegible) present accepting and acknowledging said grant, delivery and possession for said Police Jury, of all and singular the following described property, to-wit: ...