SEXTON, Judge.
Plaintiffs appeal the district court’s denial of their petition to evict the defendants from a parcel of immovable property upon which defendants had constructed and were operating a marina. We reverse and remand.
On April 28, 1982, plaintiffs’ predecessors in title leased to defendants, a partnership and its constituent partners, a piece of waterfront property in Ouachita Parish for the purpose of constructing and promoting a boat dock and marina for dockage of houseboats and similar vessels and to provide gasoline and other supplies.
The lease had a one-year term and had explicit provisions regarding renewal, the focus of which are reproduced below:
For and in consideration of the rental which includes a paid consideration, LESSEE shall have the option to renew this lease under the same terms and conditions at the end of the first year and annually thereafter by giving LESSOR written notice of their intent to renew at least thirty (30) days prior to the end of the lease; provided however that LESSOR must consent to each renewal.
Either LESSOR or the LESSEE may terminate this lease at any time during the primary term or any renewal thereof upon giving the other party thirty (30) days written notice. Notwithstanding anything herein to the contrary, LESSOR shall not give notice to LESSEE to terminate this lease or fail to renew this lease unless LESSOR shall first give LESSEE written notice by certified mail of any complaints, defaults or deficiencies that may exist and giving LESSEE the opportunity to correct said problem immediately, and without undue delay. If LESSEE corrects the problem immediately and without undue delay LESSOR shall not have the right to terminate this lease or fail to renew same. For purposes of this lease the term “immediately” shall be defined as within thirty (30) days from the date lessee is notified by certified mail.
The defendants-lessees occupied the leased premises and constructed a marina thereon, which they have continued to operate uninterrupted since the inception of the lease. Each year, the defendants renewed the lease as per the written contract.
In March of 1990, the representative of plaintiffs’ predecessor in title notified defendants of their intent to terminate and not renew the lease. Defendants thereafter gave written notice of their intent to renew the lease, tendering the annual rental for the upcoming year. Plaintiffs refused the tendered payment.
In June 1990, plaintiff Liner purchased the leased property and subsequently sold lots out of the property, but got assignments of rights in the lease from the vendees. That same month, Liner filed suit to evict the defendants. After numerous procedural maneuvers and amended pleadings, the matter was tried and ultimately resolved in favor of the defendants.
The district court held that the lease is not one in perpetuity, but has a one year renewable term. The district court also held that the lease has as a maximum term the life of Leslie LaCroix, one of the partners in the defendant partnership. The court found that the lease had been validly renewed and denied plaintiffs’ petition to evict.
Plaintiffs appeal this matter and argue that the district court erred in interpreting the lease in that fashion. Defendants argue that the district court’s interpretation is valid and supported by substantial jurisprudence.
To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay. LSA-C.C. Art. 2674.
*406 The lease provisions reproduced, supra, essentially give the lessee-partnership the unbridled option to maintain the lease as long as it desired. Lessees are correct that there were obligations on the partnership to pay an annual sum as consideration for the right to lease the property, as well as standard maintenance, upkeep, insurance, and tax obligations. However, we do not consider these standard, reasonable, and expected obligations sufficiently onerous that they would alter the complexion of the lessees’ right to renew from anything other than a whim.
In Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521, 522 (1916), the supreme court affirmed that a contract purporting to give a perpetual option to hold land under a mineral lease was null:
Our opinion is that that stipulation in the contract is null for want of a fixed or definite term. Whether it be regarded as a lease or an option, it would be an anomalous contract without a definite term or limitation. To recognize that the defendant has the right, without any obligation, to hold the plaintiffs land under a perpetual lease or option, would take the property out of commerce, and would be violative of the doctrine of ownership ....
Similarly, in Leslie v. Blackwell, 370 So.2d 178 (La.App. 3d Cir.1979), the appellate court affirmed the district court’s rescission of a lease which provided for a one-year term which was renewable for so long as the lessee desired. The Third Circuit based its decision on the rationale contained in Bristo, supra.
The lessee partnership argues that an opinion of this circuit, Mills v. Thomason, 211 So.2d 790 (La.App.2d Cir.1968), writs refused, 252 La. 876, 214 So.2d 547 (1968), supports its position. In Mills, the parties agreed to a lease with a primary term of three years, which could be renewed for one year terms at the option of the lessee. The district court annulled the lease because it found the lease to contain a potes-tative condition. This court reversed, finding that the lessee was required to pay a “serious” monthly rental, thereby rendering the potentially potestative condition more in the nature of an onerous condition. With regard to the lessee’s right to renew, apparently without restriction, this court found that the lessee had paid $400 for this option and that the term of the lease would terminate at the death of the lessee. While we question the correctness of that conclusion, we can nevertheless distinguish Mills from the instant case.
First, it is apparent from the instant record that no additional consideration was paid by the lessee for the open-ended option to renew. Secondly, and more significantly, the lessee in Mills was a natural person with a finite life, even though her death could not be foreseen with any precision. The lessee in the instant case is a juridical person, a partnership, the personality of which is distinct from that of its partners. LSA-C.C. Art. 24. Accordingly, even though the constituent members of the partnership may change or die, a partnership can continue to exist ad infinitum. LSA-C.C. Arts. 2826-27.
Thus, to conclude that the lessee partnership may repeatedly renew this lease despite the desire of the lessor not to do so would be to take this immovable property out of commerce indefinitely, which is “vio-lative of the doctrine of ownership.” Bristo v. Christine Oil & Gas Company, supra 71 So. at 522.
For the above and foregoing reasons, we conclude that the district court erred in concluding that the lease in question had a definite term in compliance with LSA-C.C. Art. 2674. We therefore reverse the district court judgment and remand this matter to the district court to consider the merits of plaintiffs-appellants’ petition to have the defendants-lessees evicted.
REVERSED and REMANDED.